**The document below is hereby signed.**

**Dated: November 10, 2011.**



_/s/ S. Martin Teel, Jr._
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
FUNXION, LLC,                  )    Case No. 11-00377
                               )    (Chapter 11)
              Debtor.          )    Not for Publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER STRIKING PROPOSED
ORDER SUBMITTED BY EURO K STREET PROPERTIES, INC.

Euro K Street Properties, Inc., the debtor's landlord, has filed a new proposed order (Dkt. No. 67) relating to a motion that had already been fully adjudicated. Euro's new proposed order raises a new ground (not asserted by Euro in its motion) for treating the automatic stay as terminated with respect to Euro's pending eviction action. Because Euro's new proposed order seeks relief that ought to be pursued by a new motion, it will be stricken.

I

In its Motion To Confirm That the Automatic Stay Does Not Apply Or, In The Alternative, To Terminate The Automatic Stay (Dkt. No. 38), Euro sought to declare the automatic stay inapplicable on the theory that the lease had been terminated

prepetition.  *See* 11 U.S.C. § 362(b)(10).  At the hearing on the motion, Euro's attorney announced that Euro would no longer be pursuing the argument that the debtor's lease had been terminated prepetition.  The motion was resolved by the entry of an Order Conditioning Automatic Stay (Dkt. No. 56), which directed that it is:

> ORDERED that the Debtor shall pay to the Landlord the sum of $30,400.00 for June and July 2011 rent on or before the close of business on July 15, 2011; and it is further
> ORDERED that the Debtor shall pay to the Landlord the sum of $15,200.00 for rent on or before the close of business on the first day of every month beginning in August 2011; and it is further
> ORDERED that if the Landlord does not receive any rent payment on the date due, the Landlord shall deliver written notice to the Debtor to cure such default within 14 days after the date of delivery; and it is further
> ORDERED that if the Debtor does not pay such rent in collected funds to the Landlord within 14 days after delivery of such notice to cure, the automatic stay provisions of 11 U.S.C. § 362(a) shall terminate without further order of this Court with respect to that certain civil action for possession pending in the Superior Court of the District of Columbia, Landlord & Tenant Division, styled, Jemal's Harris & Ewing, L.L.C. v. FunXion, LLC, Case No. 2011 LTB 002735, or any other state law remedy available to Movant for possession.

Euro's attorney has now docketed the new proposed order (Dkt. No. 67), linking the new proposed order as relating to the motion (Dkt. No. 38).  The new proposed order alludes to the motion (Dkt. No. 38) and the Order Conditioning Automatic Stay (Dkt. No. 56) that resolved that motion, and alludes to a *later* order (Dkt. No. 65) deeming the debtor's lease to have been rejected.  The new proposed order recites that Euro "has requested an order

2

pursuant to 11 U.S.C. § 362(j) confirming that the automatic stay has been terminated." In fact, however, no motion making such a request has been filed. The proposed order would then decree that it is:

> ORDERED and CONFIRMED that the automatic stay provisions of 11 U.S.C. § 362(a) have been terminated and do not apply to that certain civil action for possession of the formerly demised premises pending in the Superior Court of the District of Columbia, Landlord & Tenant Division, styled, Jemal's Harris & Ewing, L.L.C. v. FunXion, LLC, Case No. 2011 LTB 002735, or any other state law remedy available to Movant with respect to possession.

II

The proposed order is an attempt to rely upon a fact (namely, the entry of a later order decreeing that the lease had been rejected) that was not a fact that was relied upon or could have been relied upon in the motion. Moreover, 11 U.S.C. § 362(j) only applies when the automatic stay has been terminated under 11 U.S.C. § 362(c), which has nothing to do with a rejected lease. If there has been a failure to pay rent as required by the Order Conditioning Automatic Stay (Dkt. No. 56) and a failure to cure within the specified time after notice of the default, then the stay lifted without the necessity of further order.

When a lease of nonresidential real property is deemed rejected under 11 U.S.C. § 365(d)(4)(A), the lease, by reason of the rejection, is no longer property of the estate and is effectively abandoned from the estate, and the provision requires that "the trustee shall immediately surrender that nonresidential

3

real property to the lessor . . . ."  This court views that command as compelling a trustee (or, in this case, a debtor in possession subject to the duties of a trustee under 11 U.S.C. § 1107(a)) to, at a minimum, surrender the property to the processes of nonbankruptcy law.  The automatic stay, however, applies to any action against the debtor that was commenced prepetition, and thus relief from the automatic stay would be needed to pursue the pending eviction action.  Section 365(d)(4)(A)'s command to surrender the property, indeed, might form a predicate for granting relief from the automatic stay. But, so that the debtor can assert any available defense, that relief ought to be sought by a new motion (or a motion to amend the prior order) that points to § 365(d)(4)(A) as providing cause for lifting the automatic stay.  In addition, such relief might be sought on an expedited basis as there would appear to be no defense to such a motion (unless, for example, there had been a stay of the order deeming the lease rejected, and in this case no stay order has been sought).

                                III

    In accordance with the foregoing, it is

    ORDERED that the proposed order (Dkt. No. 67) is stricken.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification of orders.